DLD-099                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4769
_____

IN RE:  KAI INGRAM,
                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-12-cv-01900)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 30, 2015
Before:  FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Filed: February 5, 2015)
_____

OPINION*
_____

PER CURIAM

    Kai D. Ingram, a state prisoner proceeding pro se, seeks a writ of mandamus

directing the United States District Court for the Middle District of Pennsylvania to reach

a decision on his habeas petition.  For the reasons that follow, we will deny the

mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ingram filed a habeas petition pursuant to 28 U.S.C. § 2254 on September 24, 2012. On October 16, 2012, the District Court issued an order requiring the government to file its response along with copies of necessary transcripts and briefs within twenty-one days. After an extension of time was granted, the government submitted its response on December 3, 2012. Ingram filed a traverse on January 17, 2013, also after an extension of time was granted. The next document that appears on the docket is a notice of change of address filed by Ingram on June 17, 2013. Ingram thereafter submitted several letters to the District Court in August, October, and November 2013, making procedural inquiries and requesting copies of the docket.

On December 17, 2013, the District Court issued an order again directing the government to provide the District Court with necessary transcripts and briefs and to file a supplemental brief specifically addressing and fully analyzing the issue of whether Ingram had exhausted state law remedies. On December 30, 2013, Ingram filed a motion requesting that the District Court reconsider its order, arguing that the government should not be permitted to provide a supplemental response. On January 7, 2014, the government filed a motion for an extension of time. On January 8, 2014, the District Court denied Ingram's motion and granted the government's motion. The government filed its supplemental response on January 29, 2014.

Ingram submitted several letters to the District Court in February and March 2014 objecting to the government's response and requesting release on bail. After being

2

advised by the Clerk that the District Court was unable to take any action on the basis of personal correspondence, on April 4, 2014, Ingram filed a motion requesting that the District Court release him on bail prior to ruling on his habeas petition. The Magistrate Judge denied Ingram's motion on April 7, 2014. On June 19, 2014, Ingram filed a renewed motion for bail, which the District Court denied on July 1, 2014. On December 18, 2014, Ingram petitioned this Court for a writ of mandamus, requesting an order compelling the District Court to act upon his § 2254 petition.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although a District Court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the District Court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We recognize that nearly one year has elapsed since the time the government filed its supplemental response in January 2014. As in Madden, where we described a delay of around half of that time in acting on a petition for a writ of habeas corpus as "of concern," 102 F.3d at 79, a delay of this length is troubling. However, the delay in this

3

case may have been caused, in part, by the filings submitted by Ingram, particularly the two motions for bail Ingram filed in April and June 2014. Accordingly, we find that the delay here does not warrant mandamus relief.

We are confident that the District Court will rule on Ingram's pending § 2254 petition without undue delay. The petition for a writ of mandamus is therefore denied, but without prejudice to Ingram's filing a new petition for a writ of mandamus should the District Court fail to act expeditiously in this matter.